ELWOOD BUCKLEY, PLAINTIFF IN ERROR, v. CLARENCE
A. HANN, BUILDER, AND WILLIAM H. BURKHARD,
OWNER, AND JOHN McCLEES, MORTGAGEE, DEFEND-
ANTS IN ERROR.

Argued November 19, 1902—Decided March 2, 1903.

The trial court properly left it to the jury to determine whether,
   after a building contract had been filed in the clerk's office, it
   had been subsequently abrogated and a new parol contract sub-
   stituted for it, instructing the jury that if the written contract
   had been thus abrogated the land and building were subject, under
   the Mechanics' Lien law, to a lien for work done by a subcon-
   tractor.

On error.

For the plaintiff in error, *George A. Bourgeois.*

For the defendants in error, *Thompson & Cole.*

The opinion of the court was delivered by

VAN SYCKEL, J. The defendant Burkhard entered into a
written contract with the defendant Hann to erect a building
upon the land of the former.

The contract was filed as required by law to protect the
owner against liens other than that of Hann.

This suit was brought to charge the building and lands of
Burkhard with a lien for work done on the building by Buck-
ley, the plaintiff, who was a subcontractor.

The plaintiff claimed on the trial of this cause that the
written contract was abrogated, and a new parol contract was
entered into between Burkhard and Hann, under which the
building was erected.

On the 17th of October, 1899, Hann signed a paper by
which he surrendered all his rights under the contract, and
authorized Burkhard to let the work to any other person,
stating in it that the consideration was that Burkhard had
released him.

He handed this release to Shumway, the architect.

Shumway testified that he had no authority from Burkhard to release Hann, or to accept Hann's release.

Burkhard testified that he gave Shumway no such authority, and that he did not know of the execution of the release by Hann until a month or six weeks before the trial of this cause.

The plaintiff, on January 15th, 1900, gave notice in writing to Burkhard to retain $540 of the contract price under the contract filed, alleging that Hann owed him that sum for work done on the building.

This was a clear recognition of the existence of the written contract.

Burkhard also offered in evidence four certificates given by Shumway, the architect, to Hann for the several payments as they became due to him according to the terms of the contract as filed, for which Hann gave his receipt.

This testimony was objected to by the plaintiff, but it was clearly competent upon the question whether there had been any agreement between the parties to abrogate the contract.

It was therefore a question of fact whether the work was done under the written contract as filed, or under a substituted parol contract.

The trial court properly left that question to the jury, expressly instructing it that if the jury found that the work was done under the original contract, the plaintiff could not recover, but if it was done under a new and verbal contract, the plaintiff was entitled to a verdict for the amount shown to be due him for work done upon the building.

Hann testified on the trial that after the written contract was executed he discovered he had made a mistake in his estimate to the extent of $475, of which he informed Burkhard, and that Shumway told him that Burkhard would pay him $475 in excess of the contract price.

The plaintiff afterwards called Shumway as a witness, who testified that Burkhard said to him that he was sorry to see Hann lose any money, and if he completed the work satisfactorily he would make up the difference to him, and that he (Shumway) then told Hann that he had better do the best

he could to make the work satisfactory, because, if he com-
pleted it as he agreed to, Burkhard would make up the differ-
ence to him.

After this testimony was given by Shumway the plaintiff
recalled Hann as a witness and asked him the following
question:

"Q. Mr. Hann, Mr. Shumway, the agent or architect for
the building of this house, states that it was only a conditional
agreement that you should get this $475 additional—condi-
tioned upon your going ahead and completing the work satis-
factorily and so on—is that correct?"

This question was objected to by the defendant's counsel
and overruled. Exception was taken and error assigned.

The question was objectionable for two reasons:

*First.* It was a mere attempt to have Hann repeat his pre-
vious statement that the promise to him was unconditional.

*Second.* Whether the promise was absolute or conditional
is immaterial; it was without consideration and void.

Hann was under a written contract to perform the work
for a stipulated price, and so long as that contract was in
force there was no legal liability on the part of the owner to
pay the extra sum to Hann, nor any right on the part of the
plaintiff to retain it in the hands of the owner.

As before stated, the question whether the original contract
was abrogated was properly submitted to the jury, and no
error in law appears in the trial of the cause.

The judgment should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, VAN
SYCKEL, DIXON, GARRISON, FORT, GARRETSON, HENDRICKSON,
PITNEY, BOGERT, VREDENBURGH, VOORHEES, VROOM.    13.

*For reversal*—None.